Jeannette **LUBINS**, Appellant,

v.

**PACIFIC MUTUAL LIFE INSURANCE COMPANY**, Appellee.

No. 4669.

Court of Civil Appeals of Texas.

Waco.

Jan. 18, 1968.

Marks, Time & Aranson, Fred Time, Dallas, for appellant.

Thompson, Knight, Simmons & Bullion, Jerry P. Jones, Dallas, for appellee.

OPINION

WILSON, Justice.

The beneficiary in a term life insurance policy sued the insurer to recover death benefits under the policy. The defense was that the policy lapsed for nonpayment of premiums. The facts are undisputed, the case having been tried on a stipulation. Judgment was rendered in the trial court for the insurer. We affirm.

The policy provided insured could elect, among other options, to have dividends "applied toward the payment of any premium if the remainder thereof is duly paid." Insured elected to have his dividends so applied to the annual premium of $135.80. Insured paid the 1963 annual premium. He paid the next year's premium which continued the policy in force to September 16, 1965, when another like premium was due. On September 16, 1965 there was an accrued dividend of $27.80, which insurer applied to the premium due September 16, 1965. Insured did not pay the balance of the premium, although two notices and an application for reinstatement were sent to him. He died November 19, 1965.

The beneficiary's contention is that the insurer was obligated to apply the dividend so as to constitute it a prorata portion of the premium and to extend the term of the policy proportionately.

Appellant urges application of authorities supporting the principle that the insurer has a duty to use credits due under a participating policy to keep the policy in force

as long as possible. These cases are not apposite. The rights of the parties here are fixed by contract. The contract clearly obligates the insurer to apply dividends toward payment of premiums "if the remainder" of the premium is duly paid. It does not provide for a partial premium payment by dividend if the remainder of the premium is not paid. The only premium contracted for is a single annual premium.

This is not a case, such as those cited by appellant, in which a whole life policy provided that upon default in premium payment the insurance would be continued as term insurance based on the amount of accumulated dividends or cash value.

Sterling Mutual Life Ins. Co. v. State National Bank, (Tex.Civ.App., Galveston, 1933) 62 S.W.2d 541, also relied on by appellant, was reversed by the Supreme Court.

Absent a contractual provision, there is no right in the insured to pay less than the entire premium stipulated for, at the time due, or to require a part of the premium to be apportioned to a fraction of the term. Duncan v. United Mut. Fire Ins. Co., 113 Tex. 305, 254 S.W. 1101, 1103, 1104. Here, as in that case, "there was one entire, indivisible term of insurance for and in consideration of one entire, indivisible premium." The term of the policy was not extended.

The judgment is affirmed.